IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUTH HAMMONTREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-16-896-C |
| | ) | |
| DAVID J. SHULKIN,[*] | ) | |
| Secretary of Veterans Affairs, | ) | |
| U.S. DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting claims for violation of Title VII, Civil Rights Act, 42 U.S.C. § 2000e et seq., and the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. 2001 §§ 1101-1901 ("OADA"). Plaintiff's Complaint also seeks punitive damages. Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6). For the 12(b)(1) motion, Defendant argues that Plaintiff's claims for violation of the OADA and her request for punitive damages must be dismissed on the grounds of sovereign immunity. As for the Rule 12(b)(6), Motion, Defendant argues that Plaintiff has failed to plead facts supporting a claim for relief. In response, Plaintiff concedes that her claims pursuant to the OADA and for punitive damages cannot be pursued and agrees that Defendant's Motion to Dismiss should be granted on that point.

As for the Rule 12(b)(6)-based argument, Defendant asserts Plaintiff has failed to plead a plausible claim for relief based on factual allegations. Defendant acknowledges

---

[*] Mr. Shulkin was confirmed as Secretary of the U.S. Department of Veterans Affairs on February 13, 2017, and therefore, pursuant to Fed. R. Civ. P. 25(d), is substituted for Mr. McDonald.

that Plaintiff is not required to establish a prima facie case, but asserts she has failed to plead factual allegations sufficient to raise her claim for relief above the speculative level. See Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

After consideration of the allegations in Plaintiff's Complaint, the Court finds the Rule 12(b)(6) portion of Defendant's Motion should be denied. Plaintiff's Complaint could certainly have been more artfully pled, or could have contained additional factual information. However, even when stripped of its conclusory allegations, the remaining factual allegations are sufficient to set forth a plausible claim for relief for violation of Title VII. Hall v. Witteman, 584 F.3d 859, 863 (10th Cir. 2009). The inadequacies asserted by Defendant in Plaintiff's Complaint address more the weight of the evidence or Plaintiff's ability to ultimately prove her claims, neither of which are factors relevant at the Motion to Dismiss stage.

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 10) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for violation of the OADA and her request for punitive damage are dismissed without prejudice. The remainder of Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 12th day of April, 2017.

ROBIN J. CAUTHRON
United States District Judge